ROB L. PHILLIPS (SBN 175354)
Rob.phillips@fisherbroyles.com
FISHERBROYLES, LLP
145 S. Fairfax, 2nd Floor
Los Angeles, California 90036
Telephone: (949) 290-9631
*Counsel for Plaintiff*

FISHERBROYLES, LLP
5670 Wilshire Blvd., Suite 1800
Los Angeles, CA 90036
Telephone: (702) 518-1239

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TOUR STRIKER IP HOLDINGS, LLC, an Arizona Limited Liability Company, <br><br> Plaintiff, <br><br> v. <br><br> PURESTRIKE GOLF, an Australian entity, and DOES 1-10, inclusive, <br><br> Defendants. | Case No.: <br><br> **COMPLAINT FOR:** <br><br> 1. **PATENT INFRINGEMENT;** <br><br> 2. **TRADEMARK INFRINGEMENT; UNDER THE LANHAM ACT; AND** <br><br> 3. **FEDERAL UNFAIR COMPETITION UNDER THE LANHAM ACT.** <br><br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff TOUR STRIKER, INC., ("Plaintiff" or "Tour Striker") files this Complaint for Patent Infringement, Trademark Infringement and Federal Unfair Competition, and Demand for Jury Trial against PURESTRIKE GOLF ("Defendant" or "PureStrike") and alleges as follows:

COMPLAINT

1

**FISHERBROYLES, LLP**
5670 Wilshire Blvd., Suite 1800
Los Angeles, CA 90036
Telephone: (702) 518-1239

## PARTIES

1.     Plaintiff is a corporation formed under the laws of the state of Arizona with its principal place of business at 90 N William Dillard Dr, Unit C 111, Gilbert, AZ, 85233.

2.     Defendant is a corporation formed under the laws of Australia with a principal place of business at 2763 Gold Coast Highway, Broadbeach, QLD, 4218, AU.

## JURISDICTION AND VENUE

3.     This action arises under the Patent Act, 35 U.S.C. §101 *et seq*.  This Court has original jurisdiction over this controversy pursuant to 28 U.S.C. §§ 1331 and 1338.

4.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and (c) and/or 1400(b).

5.     This Court has personal jurisdiction over PureStrike.  PureStrike regularly and continuously conducts business in this District and has infringed or induced infringement, and continues to do so, in this District.  PureStrike operates an e-commerce website through which it accepts online orders for the infringing products.  PureStrike then imports the infringing products into the United States including into the state of California.

6.     PureStrike's website expressly calls out a testimonial from a California resident and customer (i.e., Simon R). (see, Exhibit 1).  Moreover, on May 21, 2026, Andrea Anderson-Tilden of Laguna Niguel, California ordered an infringing product via PureStrike's website and on May 31, 2026 the infringing product was delivered to her in Laguna Niguel, California. (see, Exhibit 2).

## BACKGROUND

7.     Plaintiff owns all right and title in U.S. Patent No. 9,072,957  ("the '957 Patent") entitled Golf Swing Training Apparatus For Maintaining Arms in a Proper Position Throughout a Golf Swing and Method of Using the Same.

8.     A true and correct copy of the '957 Patent is attached hereto.  (see, Exhibit 3 which is incorporated herein by reference).  Also attached is an assignment of the '957 Patent to Plaintiff. (see, Exhibit 4 which is incorporated herein by reference).

2

COMPLAINT

9.      The '957 Patent discloses and claims an apparatus configured to be held between a user's forearms during a golf swing wherein the apparatus can be a spherical, inflated ball ("Patented Apparatus").   In practice, by maintaining the inflated ball positioned between the forearms during the golf swing, the golfer is maintaining his or her arms in the proper position.   If the inflated ball falls or fails to remain held in place between the forearms, the golf swing is poor (i.e., the arms have separated too much).

10.      Defendants' product, named the PureStrike™ Performance Ball, is a direct copy of the Patented Apparatus as shown in the claim chart below.

11.                          Claim Chart

| '957 Patent | PureStrike™ Performance Ball |
|---|---|
| Claim 1. A golf swing training apparatus, comprising: | "The Worlds #1 Golf Training Aid For Golfers At All Levels" – set forth on the PureStrike website at: https://purestrikegolfco.com/products/pure-strike-smart-ball (see, Exhibit 5). |

FISHERBROYLES, LLP
5670 Wilshire Blvd., Suite 1800
Los Angeles, CA 90036
Telephone: (702) 518-1239

COMPLAINT

3

FISHERBROYLES, LLP
5670 Wilshire Blvd., Suite 1800
Los Angeles, CA 90036
Telephone: (702) 518-1239

an inflatable member, said inflatable member having a connection means;



Inflatable Member    Connection Means

a strap member connectable to said connection means, said strap member of a length to freely hang the inflatable member between a user's forearms when said strap member is worn around a user's neck; and



COMPLAINT

4

FISHERBROYLES, LLP
5670 Wilshire Blvd., Suite 1800
Los Angeles, CA 90036
Telephone: (702) 518-1239

|  | Strap Member |
|---|---|
|  |  Worn around neck          Between forearms |
| wherein said inflatable member is dimensioned to be supported between a user's forearms during a golf swing, said strap member preventing said inflatable member from falling to the ground during a poor golf swing. |  inflatable member is dimensioned to be supported between a user's forearms during a |

COMPLAINT

5

| | golf swing |
|---|---|
| Claim 2. The golf swing training apparatus of claim 1 wherein said inflatable member is a spherical ball dimensioned to be supported between a user's forearms during a golf swing. | said inflatable member is a spherical ball dimensioned to be supported between a user's forearms during a golf swing |

12. Plaintiff has notified Defendant of the '957 Patent and its belief that Defendant infringes the '957 Patent. (see, Exhibit 6). Defendant has been unwilling to resolve the matter.

13. Defendant has been and is now infringing, and/or will continue to infringe, the '957 Patent in this Judicial District and elsewhere in the United States by, among other things, making, using, importing, selling, and/or offering for sale its PureStrike™ Performance Ball. More specifically, Defendant has caused its PureStrike™ Performance Ball to be imported and sold in the United States including in the state of California.

14. Plaintiff owns two federally registered trademarks for Tour Striker namely U.S. Registration No. 6263748 for the word mark Tour Striker and U.S. Registration No. 4174095 for the design mark for Tour Striker. (collectively "Tour Striker Marks") (see, Exhibits 7 and 8).

15. U.S. Registration No. 6263748 identifies goods comprising "Golf clubs, golf training aids for improving golf skills, namely, an inflated ball hanging about a golfer's neck

COMPLAINT

6

FISHERBROYLES, LLP
5670 Wilshire Blvd., Suite 1800
Los Angeles, CA 90036
Telephone: (702) 518-1239

positioned between the golfer's arms to train the unify the golfer's arms and body during a golf swing, a resistance band for attachment to a golfer and the golfer's golf club to train golf swing plane during a golf swing, and a device for attachment to the top of a golf club and extending to a position between the golfer's arms to train hand location during a golf swing" in class 028 and services comprising "Golf schools and golf instruction; education services, namely, providing live classes in the field of golf; Providing education courses in the field of golf offered through online, non-downloadable videos" in class 041.

16.    U.S. Registration No. 4174095 identifies goods comprising "Golf bags; Golf clubs" in class 028.

17.    As a result of Tour Striker's continuous and exclusive use of the Tour Striker Marks in connection with its products, the Tour Striker Marks enjoy public acceptance and association with Tour Striker, and have come to be recognized widely and favorably by the public as an indicator of the origin of Tour Striker's goods.

18.    As a result of Tour Striker's extensive use and promotion of the Tour Striker Marks, Tour Striker has built up and now owns extremely valuable goodwill that is symbolized by the Tour Striker Marks.

19.    Without doubt, PureStrike had knowledge of and was very familiar with the Tour Striker Marks when it began designing, manufacturing, distributing, marketing, importing, promoting, offering for sale, and selling the PureStrike™ Performance Ball and other golf-related products.  Clearly, PureStrike intentionally adopted and used a confusingly similar mark to the Tour Striker Mark knowing that the PureStrike name would mislead and deceive consumers into believing that the PureStrike™ Performance Ball and other golf-related products were produced, authorized, or licensed by Tour Striker, or that the PureStrike™ Performance Ball and other golf-related products originated from Tour Striker.

20.    The PureStrike™ Performance Ball and other golf-related products designed, manufactured, sourced, distributed, marketed, promoted, imported, offered for sale, and sold by PureStrike are not manufactured by Tour Striker. Nor is PureStrike associated, affiliated, or

FISHERBROYLES, LLP
5670 Wilshire Blvd., Suite 1800
Los Angeles, CA 90036
Telephone: (702) 518-1239

7

COMPLAINT

connected with Tour Striker, or licensed, authorized, sponsored, endorsed, or approved by Tour Striker in any way.

21.    Tour Striker used the Tour Striker Marks extensively and continuously before PureStrike began: designing, manufacturing, distributing, marketing, promoting, importing, offering for sale, and selling the PureStrike™ Performance Ball and other golf-related products.

22.    The likelihood of confusion, mistake, and deception engendered by PureStrike's infringement of the Tour Striker Marks is causing irreparable harm to the goodwill symbolized by the Tour Striker Marks and the reputation for quality that they embody.

23.    PureStrike's activities are likely to cause confusion before, during, and after the time of purchase because purchasers, prospective purchasers, and others viewing the PureStrike™ performance Ball and other golf-related products at the point of sale or being used by golfers are likely—due to PureStrike's use of a confusingly similar name—to mistakenly attribute the golf aid to Tour Striker.  By causing a likelihood of confusion, mistake, and deception, PureStrike is inflicting irreparable harm on the goodwill symbolized by the Tour Striker Mark and the reputation for quality that it embodies.

24.    On information and belief, PureStrike continues to use the PureStrike name in association with its Performance Ball and other golf-related products that directly compete with Plaintiff.

25.    On further information and belief, PureStrike knowingly, willfully, intentionally, and maliciously adopted and used a confusingly similar mark to the Tour Striker Marks.

26.    PureStrike has also used the term "Smart Ball" in its metadata to attract online consumers.[1]  Tour Striker has used the brand name Smart Ball to identify its Patented Apparatus since it started selling the same. (see, Exhibit 9).

## COUNT I – INFRINGEMENT OF THE '957 PATENT

27.    Paragraphs 1 through 26 are incorporated herein by reference.

---

[1] https://purestrikegolfco.com/products/pure-strike-**smart-ball**

COMPLAINT

8

FISHERBROYLES, LLP
5670 Wilshire Blvd., Suite 1800
Los Angeles, CA 90036
Telephone: (702) 518-1239

28.     Defendant has infringed and continues to infringe at least claims 1 and 2 of the '957 Patent under 35 U.S.C. §271(a), either literally or under the Doctrine of Equivalents, by making, offering for sale and selling its PureStrike™ Performance Ball that is covered by at least claims 1 and 3 of the '957 Patent.

29.     The Claim Chart in paragraph 11 above shows a comparison of claims 1 and 2 of the '957 Patent against the PureStrike™ Performance Ball. As shown in the Claim Chart, the PureStrike™ Performance Ball practices each and every limitation of at least claims 1 and 2 of the '957 Patent either literally or under the Doctrine of Equivalents. Thus, Defendant has, and continues to, infringe the '957 Patent.

30.     Upon information and belief, the PureStrike™ Performance Ball is sold throughout the United States via at least Defendant's e-commerce website at https://purestrikegolfco.com/.

31.     Upon information and belief, Defendant has had knowledge and notice of the '957 Patent, as well as their infringement thereof.

32.     Defendant's infringement of the '957 Patent has been continuous and willful.

33.     Defendants' infringement of the '957 Patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

## COUNT II – TRADEMARK INFRINGEMENT

34.     Paragraphs 1 through 33 are incorporated herein by reference.

35.     Defendant's use of PureStrike is likely to cause confusion, deception, and mistake by creating the false and misleading impression that the PureStrike™ Performance Ball and other golf-related products are manufactured or distributed by Tour Striker, or are associated or connected with Tour Striker or have the sponsorship, endorsement, or approval of Tour Striker.

36.     Purestrike is confusingly similar to the Tour Striker Marks in violation of 15 U.S.C. § 1114. PureStrike's activities are causing and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public, and, additionally, injury to Tour Striker's goodwill and reputation as symbolized by the Tour Striker

FisherBroyles, LLP
5670 Wilshire Blvd., Suite 1800
Los Angeles, CA 90036
Telephone: (702) 518-1239

9

COMPLAINT

Marks, for which Tour Striker has no adequate remedy at law.

37.    PureStrike's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the Tour Striker Marks to Tour Striker's great and irreparable harm.

38.    PureStrike caused and is likely to continue causing substantial injury to the public and to Tour Striker, and Tour Striker is entitled to injunctive relief and to recover PureStrike's profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116, and 1117.

### <u>COUNT III – FEDERAL UNFAIR COMPETITION</u>

39.    Paragraphs 1 through 38 are incorporated herein by reference.

40.    PureStrike's use of a confusingly similar mark to the Tour Striker Marks has caused and is likely to cause confusion, deception, and mistake by creating the false and misleading impression that PureStrike's goods are manufactured or distributed by Tour Striker, or are affiliated, connected, or associated with Tour Striker, or have the sponsorship, endorsement, or approval of Tour Striker.

41.    PureStrike has made false representations, false descriptions, and false designations of, on, or in connection with its goods in violation of 15 U.S.C. § 1125(a). PureStrike's activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public, and, additionally, injury to Tour Striker's goodwill and reputation as symbolized by the Tour Striker Marks, for which Tour Striker has no adequate remedy at law.

42.    PureStrike's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the Tour Striker Marks to the great and irreparable injury of Tour Striker.

43.    PureStrike's conduct has caused, and is likely to continue causing, substantial injury to the public and to Tour Striker. Tour Striker is entitled to injunctive relief and to recover PureStrike's profits, actual damages, enhanced profits and damages, costs, and reasonable

**FISHERBROYLES, LLP**
5670 Wilshire Blvd., Suite 1800
Los Angeles, CA 90036
Telephone: (702) 518-1239

COMPLAINT

10

attorneys' fees under 15 U.S.C. §§ 1125(a), 1116, and 1117.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks the following relief:

A. A ruling that Defendant has infringed the '957 Patent either literally or under the Doctrine of Equivalents;

B. A ruling that Defendant has infringed the Tour Striker Marks;

C. A ruling that Defendant has unfairly competed with Plaintiff;

D. That Plaintiff be awarded all damages adequate to compensate it for Defendant's infringement of the '957 Patent;

E. That Plaintiff be awarded all damages adequate to compensate it for Defendant's infringement of the Tour Striker Marks;

F. That Plaintiff be awarded all damages adequate to compensate it for Defendant unfairly competing with Plaintiff;

G. A cease and desist order preventing Defendant from infringing the '957 Patent;

H. A cease and desist order preventing Defendant from infringing the Tour Striker Marks;

I. A cease and desist order preventing Defendant from unfairly competing with Plaintiff;

J. That this case be declared exceptional within the meaning of 35 U.S.C. § 285 and that Plaintiff be awarded treble damages, its attorneys' fees, costs and expenses incurred in connection with this case;

K. Based on Defendant's knowing and intentional use of a confusingly similar mark to the Tour Striker Marks, the damages awarded be trebled and the award of Defendant's profits be enhanced as provided for by 15 U.S.C. § 1117(a);

L. That the damages awarded to Plaintiff be subject to pre-judgment and post-judgment interest; and

M. That Plaintiff be awarded such other relief as this Court deems just and proper.

FISHERBROYLES, LLP
5670 Wilshire Blvd., Suite 1800
Los Angeles, CA 90036
Telephone: (702) 518-1239

COMPLAINT

11

DATED this 7th day of July 2026.

Respectfully submitted,

**FISHERBROYLES, LLP**

/s/Rob L. Phillips

ROB L. PHILLIPS, ESQ.
145 S. Fairfax, 2nd Floor
Los Angeles, CA 90036
Telephone: (949) 290-9631
*Counsel for Plaintiff*

**FISHERBROYLES, LLP**
5670 Wilshire Blvd., Suite 1800
Los Angeles, CA 90036
Telephone: (702) 518-1239

COMPLAINT

12